UNITED STATES v. ROCKHILL.

No. 4957.

United States District Court
D. Oregon.

Sept. 28, 1949.

See also 9 F.Supp. 696.

Roy C. Fox, Litigation Attorney, Office of Housing Expediter, Seattle, Washington, for plaintiff.

JAMES ALGER FEE, Chief Judge.

A proceeding has been brought under Sections 205 and 206(b) of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, §§ 1895, 1896(b). A petition has been filed for service of summons outside the state. It was the intention of the statute that a cause of this type could be instituted in any district (1) "in which any part of any act or transaction constituting the violation occurred," (2) "in which the defendant resides," (3) in which the defendant "transacts business."

If the action has been so commenced, the service may be made in any district (1) wherein "the defendant resides" or (2) wherein the defendant "transacts business" or (3) "wherever the defendant may be found."

Before a summons should be issued under the order of the Court in accordance with Rule 4(e), supplemented by an order as to time for answer under Rule 12(a), Federal Rules Civil Procedure, 28 U.S.C.A., there should be an exact showing by affidavit as the necessary facts founding the right to service, since, of course, this feature is jurisdictional.

The present petition is simply that process issue for service of summons at 327 Magnolia Street, Long Beach, California, which is, of course, insufficient. The showing on which of the clauses plaintiff may obtain jurisdiction is vital.

The petition is denied, with leave to make additional showing.

